# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1934
Lower Tribunal No. 2025-DR-033192

_____

MARINA ROSENFIELD,

Appellant,

v.

JEXY PEREZ ZAYAS o/b/o DANIEL PICHS, JR., and DANA MARTINEZ,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Lee County.
Cynthia Pivacek, Judge.

July 10, 2026

STARGEL, J.

Marina Rosenfield ("Appellant") appeals an order denying her Florida Rule of Civil Procedure 1.540(b) motion for relief from a default final judgment. The trial court entered the default final judgment due to Appellant's failure to appear at a noticed hearing. In a sworn statement attached to her rule 1.540(b) motion, Appellant asserted that her failure to appear at the hearing was the result of a

calendaring error.[1]  Appellant argues that the trial court erred in failing to hold an evidentiary hearing after she filed a rule 1.540(b) motion, which articulated a colorable and legally sufficient claim for relief based upon mistake, inadvertence, and excusable neglect, and was supported by her sworn statement.  We agree and reverse the denial of the motion and remand for a hearing on the motion.

"Florida Rule of Civil Procedure 1.540(b) authorizes a trial court to grant a party relief from a final judgment for mistake, inadvertence, surprise, or excusable neglect."  *Barrett v. Busser*, 310 So. 3d 1016, 1017 (Fla. 2d DCA 2020) (citing *Paladin Props. v. Fam. Inv. Enters.*, 952 So. 2d 560, 562 (Fla. 2d DCA 2007)); *see* Fla. R. Civ. P. 1.540(b)(1).  As it pertains to attorneys and their support staff, it is well established that "a failure to appear due to a calendaring or clerical error is the type of 'excusable neglect' or 'mistake' that warrants relief under rule 1.540(b)." *Barrett*, 310 So. 3d at 1017 (quoting *Acosta v. Deutsche Bank Nat'l. Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012)); *see Villas at Laguna Bay Condo. Ass'n v. CitiMortgage, Inc.*, 190 So. 3d 200 (Fla. 5th DCA 2016); *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 954 (Fla. 4th DCA 2014); *J.J.K. Int'l., Inc. v. Shivbaran*, 985 So. 2d 66, 69 (Fla. 4th DCA 2008).

---

[1] According to Appellant, she was perusing the trial court's online record by happenstance on the day of the hearing when she discovered that her hearing had already taken place.  Appellant filed the rule 1.540(b) motion nine days later.

At the time of the alleged calendaring error, Appellant was pro se. "In Florida, *pro se* litigants are bound by the same rules that apply to counsel." *Stueber v. Gallagher*, 812 So. 2d 454, 457 (Fla. 5th DCA 2002); *Hamza v. McLemore*, 421 So. 3d 742, 744 (Fla. 5th DCA 2025) ("[A]ll parties before a court—whether represented by counsel or representing themselves pro se—must fulfill the obligations imposed by the rules of procedure, just as they are afforded the protections provided by the rules."). Nevertheless, when a movant raises a colorable and legally sufficient claim for relief under rule 1.540(b), which is supported by a sworn statement, a trial court abuses its discretion if it denies the motion without conducting an evidentiary hearing. *See Fawkes v. Wignal*, 393 So. 3d 737, 741–42 (Fla. 4th DCA 2024); *Oshana v. Lopiano*, 314 So. 3d 311, 312 (Fla. 3d DCA 2020).

Here, Appellant filed a rule 1.540(b) motion raising a colorable and legally sufficient claim for relief based upon a calendaring error. In support of the motion, Appellant attached her sworn statement attesting that she miscalendared the hearing date. Despite this, the trial court failed to hold an evidentiary hearing on the matter. On these facts, we conclude that the trial court abused its discretion by denying Appellant's motion without holding an evidentiary hearing. *See Fawkes*, 393 So. 3d at 741–42; *Oshana*, 314 So. 3d at 312. Our holding here should not be construed as requiring a hearing in every instance where a pro se litigant alleges a personal calendaring error and files a rule 1.540(b) motion to excuse his or her failure to

3

appear at a final hearing. For example, there could be a situation where a pro se litigant has abused the system and a judge determines, based on the totality of the circumstances, that the motion does not raise a colorable claim and is instead an abuse of process. *Cf. In re Brewer*, 442 F. App'x 430, 432 (11th Cir. 2011) ("Defendant is not a novice at litigation in this Court or in the state court. Defendant has elected to represent himself in whole or in part in five separate adversary proceedings . . . [a]s such, Defendant is tasked with being familiar with and complying with the orders of the Court. The fact that he is a pro se litigant does not excuse his failure to do so."). However, the trial judge made no such determination in this case and there is nothing in the record to suggest that such a determination would have been warranted, so a reversal is appropriate for an evidentiary hearing on the motion. *See Oshana*, 314 So. 3d at 312–13 ("Accordingly, we reverse the order denying Appellants' motion and 'remand for the trial court to hold an evidentiary hearing.' *Novastar Mortg., Inc. v. Bucknor*, 69 So. 3d 959, 960 (Fla. 2d DCA 2011). 'We note that nothing in this opinion should be construed as a determination on the merits of the claims raised in [Appellants'] rule 1.540(b) motion.' *Id.*"). Therefore, we reverse and remand for further proceedings consistent with this opinion.[2]

---

[2] We note that the default judgment will remain in effect until the trial court holds such evidentiary hearing and appropriately disposes of Appellant's motion.

4

REVERSED and REMANDED for further proceedings.

WHITE and MIZE, JJ., concur.


Robert David Malove, of The Law Office of Robert David Malove, P.A., Fort Lauderdale, for Appellant.

Jexy Perez Zayas, Cape Coral, pro se.

No Appearance for Appellee, Dana Martinez.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED